UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EARLIE BENEVOLENCE BERRY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:07-cv-120-DFH-WTL |
| ) | |
| STANLEY KNIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Dismissal of Action**

Plaintiff Earlie Berry, Jr., is confined at the Pendleton Correctional Facility, an Indiana prison. He alleges in this action brought pursuant to 42 U.S.C. § 1983 that he was improperly disciplined in a proceeding identified as No. ISR 06-10-0313. He seeks compensatory and punitive damages.

The plaintiff's request to proceed *in forma pauperis* was previously granted and he was notified that the court would screen the complaint as required by 28 U.S.C. § 1915A(b). This statute compels the dismissal of any action in which, among other things, the complaint fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

Mr. Berry's complaint fails to survive the screening required by § 1915A(b). As emphasized recently:

> "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok,* 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997)."

*Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (quoting *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000)). The disciplinary proceeding which is the sole focus of the present action is being challenged in No. 1:06-cv-1822-SEB-JMS. The claims in this case directly challenge the validity of No. ISR 06-10-0313. An action for damages based on the asserted invalidity of that proceeding is premature. See *Edwards v. Balisok,* 520 U.S. 641, 643-49 (1997) (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under § 1983 because allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Judge
United States District Court

Date:  2/21/2007